Harry M. Dent v. Commissioner.
Dent v. Comm'r
Docket No. 2860. United States Tax Court
1944 Tax Ct. Memo LEXIS 75; 3 T.C.M. (CCH) 1111; T.C.M. (RIA) 44339; October 21, 1944
*75 Harry Abt, Esq., for the petitioner. Bernard J. Long, Esq., for the respondent. SMITH Memorandum Opinion SMITH, Judge: This proceeding involves income tax deficiencies for 1939, 1940 and 1941 in the respective amounts of $407.77, $4,409.07, and $8,625. The deficiencies result entirely from the inclusion in petitioner's gross income of the income of three trusts which he had created for the benefit of his wife and two minor children. Most of the essential facts have been stipulated. [The Facts] Petitioner is a resident of Tonawanda, New York. He filed his income tax returns for the calendar years 1939, 1940 and 1941 with the collector of internal revenue at Buffalo, N. Y.
On August 2, 1938, petitioner created three separate trusts, one for the benefit of his wife, Lucy, and one for each of his two minor children, Harry M. Dent, age 14, and Helen Virginia Dent, age 12. The corpus of the wife's trust consisted of 3,000 shares of the capital stock of General Plastics, Inc., a corporation of which petitioner was a principal stock holder and director, and, also, president. The corpus of each of the childrens' trusts consisted of 1,000 shares of the same stock. Petitioner named *76 himself sole trustee of each of the trusts. Under the terms of the wife's trust she was to receive the income for life, without any restrictions as to its use. After her death the principal was to be divided into two equal parts and one of such parts held in trust for each of the children, upon the terms and conditions of their individual trusts. In both of the children's trusts the income was to be accumulated and distributed to them when they became 21 years of age. Thereafter, until the expiration of the trusts, the income was to be distributed to them monthly or else used for their benefit. The principal of the son's trust was to be distributed to him one-fith at the age of 25, two-fifths at the age of 30, and two-fifths at the age of 35. In the daughter's trust one-tenth of the principal was to be distributed to her at the age of 25, one-tenth at the age of 30, three-tenths at the age of 35, and the balance was to be held in trust for her benefit for life; except that no distributions of principal were to be made to her at any time if the principal of her trust should fall below $100,000. In case of the death of either of the children after reaching the age of 30, the remaining *77 principal of their trusts, if any, was to go to the appointees named in their will, or, upon failure of such appointment or in case they should die before reaching the age of 30, to their issue, or the surviving brother or sister or their issue, or to their distributees in accordance with the laws of the State of New York. If either child should predecease the mother, then upon the mother's death the deceased child's portion of the principal of the mothers' trust was to go to the deceased child's heirs, if any, or, if none, was to be added to the principal of the surviving child's trust. The trustee had the right to withhold any of the distributions of principal to the children if for any reason he deemed it inadvisable to make such distributions. He had the right also to withdraw from the principal of the several trusts such amounts as in his sole discretion he might deem necessary for the maintenance, comfort, support or education of the children. *
*78 The trustee also had the right to withdraw from the principal of the several trusts such sums: "* * * as he may deem expedient for the purpose of purchasing annulties or life insurance for said beneficiaries including various forms of endowment insurance upon the life or lives of said beneficiaries, or some of them, or upon other persons, for the use and benefit of said beneficiaries, respectively, provided that the said Trustee shall deem such insurance contracts or annuity contracts advisable and for the best interests of the beneficiaries, and the rights of any remainder interest or interests shall abate accordingly." The trustee had the further right to terminate any of the trusts and distribute the assets to the income beneficiaries if the value of the principal should fall below $10,000. In addition to the above described powers the trustee retained broad administrative powers over the management of all of the trusts, including the power to improve, substitute, sell, mortgage or exchange "the whole or any part of the trust property upon such terms and conditions as he may deem advisable"; to vote the shares held in the trusts, either personally or by proxy, and to consent *79 to the reorganization, consolidation or merger of any such corporations; to determine whether money or property coming into the trusts should be treated as principal or income; and "to have and exercise any and all such rights and powers incidental to absolute ownership with respect to any and all stocks, bonds and other properties and securities acquired or at any time held by the Trustee hereunder." General Plastics, Inc., the stock of which comprised the corpora of the trusts, was a corporation organized under the laws of New York in 1926. Its business was the manufacture of chemicals and plastics. Petitioner was the founder of the business. The company had an original capital of about $56,000. At the present time it has a net worth of about $8,000,000. On September 1, 1939, General Plastics, Inc., was consolidated with another New York corporation, Durez Plastics & Chemicals, Inc., and all of the capital stock of the former was turned in in exchange for stock of the latter, share for share. The General Plastics, Inc. stock was valued at $22 per share as of August 2, 1938, and was so entered in the trust records. The Durez Plastics & Chemicals, Inc. stock at December 29, 1941, *80 was valued at $35 per share, and so entered in the trust records. Petitioner has been the president and a director of Durez Plastics & Chemicals, Inc. since its organization. His holdings in the company individually and as trustee amounted to less than 50 percent of the voting stock outstanding. Petitioner owned individually approximately 43,000 shares and held as trustee 5,000 shares, while the total of outstanding shares was 11,659 in 1939, and 128,950 in 1940 and 1941. At the time petitioner established the trusts in 1938 all but 15,000 of his shares of General Plastics, Inc. were pledged with the banks as collateral on loans which he had obtained to finance the business. The company was then engaged in the construction of a new chemical plant for the manufacture of phenol under German patents, which was to cost over $1,000,000. Petitioner decided to create the trusts for his dependents out of his "free stock" so that it might not all be subjected to the hazards of the business. Neither his wife nor his children had any property of their own of any substantial value. The income of the several trusts for the taxable years 1939, 1940 and 1941 consisted entirely of dividends on *81 the common stock of Durez Plastics & Chemicals, Inc. in amounts as follows: TRUSTS
1939
1940
1941
Harry M. Dent, Jr.
$ 500
$1,500
$2,500
Helen Virginia Dent
500
1,500
2,500
Lucy Dent
1,500
4,500
7,500
All of the income from the wife's trust has been deposited in her individual bank account. She has used most of it in the purchase of Government bonds. Petitioner has never had the use or the right to use any of such income. The income of the childrens trusts, except that used for payment of income tax thereon, has all been accumulated and invested in Government bonds. Seven thousand five hundred dollars of such bonds were purchased for each of the children's trusts in September, 1943, and a like amount in March, 1944. Petitioner's wife reported all of the distributable income of her trust for the years 1939, 1940 and 1941 in her individual income tax returns and paid the taxes shown to be due thereon. Petitioner, as trustee, filed fiduciary returns in which he reported the income of the children from their trusts and paid the taxes shown to be due thereon. At all times since the creation of the trusts petitioner has continued to support his wife and children *82 out of his individual earnings. His income for the years involved, as reported in his returns for those years, was as follows: 1939
1940
1941
Salary as president of Durez
Plastics & Chemicals, Inc.
$ 21,431.25
$ 21,396.25
$ 30,806.79
Dividends from Durex Plastics & Chemicals, Inc.
22,072.00 65,250.00 108,535.50 Interest
3.84 3.92 4.00 Rents
389.85 2,659.01 408.95 Long-term capital loss
(680.00) Total
$ 43,216.94
$ 89,309.18
$ 139,755.24
The respondent determined in his deficiency notices, and now contends in this proceeding, that petitioner is taxable on the income of the several trusts described above under the provisions of sections 22 and 167 I.R.C. His contention that petitioner is liable under section 22 rests upon the doctrine of Helvering v. Clifford, 309 U.S. 331, and like cases, which hold that the grantor is taxable upon the income from property transferred to a family trust in which he has reserved interests and powers equivalent to beneficial ownership. As grantor petitioner retained no powers over trust corpus or income. He could not amend or revoke the trusts. He had no beneficial interest in any of the trusts, *83 except that he might withdraw amounts from the principal of the trusts for the support, maintenance, or education of the beneficiaries, who were his legal dependents. He could not reacquire the assets without paying full value for them. He could not shift the beneficial interests in either the income or principal of the trusts at his pleasure. The powers which petitioner did retain over the assets of the trusts could be exercised by him only as a trustee and for the best interests of the beneficiaries of the trusts. See Commissioner v. Branch, 114 Fed. (2d) 985, and Estate of Benjamin Lowenstein, Deceased, 3 T.C. 1133. In the Lowenstein case the beneficiaries were the grantor's adult children. The grantor had broad powers of administration which, however, he could exercise only as a fiduciary. In holding that the grantor was not taxable on the income of the trusts under section 22 (a) I.R.C. and the doctrine of Helvering v. Clifford, supra, we said: Here Lowenstein's authority to act under the trusts was as trustee, not as grantor or donor. The trusts were created for the benefit *84 of his children and their issue and not for any benefit that he could personally derive therefrom. The trusts irrevocably disposed of the trust income and trust corpus to his children and their descendants. The powers granted the trustees, original and successor, were designed to aid the fiduciary in the management and investment of the trust corpora for the benefit of the grantor's children. No powers were reserved by the grantor whereby he could revoke the trust or revest any part of the trust corpora or income in himself. Any attempt by the trustee to use his fiduciary powers for his individual benefit, as grantor, or to mulct the trusts or waste their assets for his personal advantage, would violate the trusts and would be prohibited by New York law. Carrier v. Carrier, 226 N. Y. 114; 123 N.E. 135; Heyman v. Heyman, 33 N.Y.S. (2d) 235; Osborn v. Bankers Trust Co., 5 N.Y.S. (2d) 211. We think that the rule of Helvering v. Clifford, supra, is not applicable here and that petitioner is not taxable as grantor under section 22 (a) *85 I.R.C. on the income of any of the trusts under consideration. In his brief the respondent does not press his contention for the application of section 167 I.R.C. but states that: The Commissioner has determined that the petitioner, Harry M. Dent, was taxable on the income involved herein under sections 22 (a) and 167 of the Internal Revenue Code. The determination under section 22 (a) is made on the doctrine of Helvering v. Clifford (1940) 309 U.S. 331, without regard to Helvering v. R. Douglas Stuart, (1942) 317 U.S. 154. However, if the Tax Court should hold on the record that the Clifford decision is not controlling and that the respondent's determination is supported only by Helvering v. R. Douglas Stuart, supra, it is requested that the Court make specific findings of fact and of law in this regard so that the respondent may determine whether relief should be afforded petitioner under section 134 of the Revenue Act of 1943 and the regulations promulgated thereunder upon application therefor and upon compliance by petitioner with the terms of said Act and regulations. We do *86 not think that the petitioner is taxable on the income of the trusts under section 167 I.R.C. No part of the income of any of the trusts could be distributed to, or held for future distribution to, the grantor, nor could any of the income have been applied to the payment of premiums upon policies of insurance of the grantor. The trustee has never purchased any life insurance policies on behalf of the trusts and has never paid out any of the income or principal for life insurance policies. Under the provisions of section 167 (c) I.R.C., which was added by section 134 of the Revenue Act of 1943, petitioner would be taxable under the doctrine of Helvering v. R. Douglas Stuart, 317 U.S. 154, only on that portion of the income of the trusts which was actually used for the support of his dependents. None of the income in dispute was ever so used. Decision of no deficiencies will be entered. Footnotes
*. [MOTHER'S TRUST] ARTICLE SECOND: (a) The Trustee is hereby authorized to withdraw such sum or sums from the principal of the several trusts assin his sole discretion he may deem necessary to provide for the comfortable suport and maintenance of the beneficiary, LUCY DENT and for the comfortable support, maintenance and education of the benficiaries, HARRY M. DENT, Jr., and HELEN VIRGINIA DENT, after they have, respectively, arrived at the age of twenty-one years, and pay over the same to the said beneficiaries, respectively, or in the discretion of the Trustee apply the same to their use and benefit, respectively; said sum or sums to be charged against the trust fund of the benficiary for whose benefit the withdrawal is made. * * * [SON'S TRUST] ARTICLE SECOND: (a) The Trustee is hereby authorized to withdraw such sum or sums from the principal of the trust as in his sole discretion he may deem necessary to provide for the comfortable support, maintenance and education of the said HARRY M. DENT, Jr., after he has arrived at the age of twenty-one years, and pay over the same to him, or in the discretion of the Trustee apply the same to his use and benefit. * * * [The daughter's trust contained a provision identical to that quoted from the son's trust.]↩